IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAWN ATKINS                                                                                           PLAINTIFF

V.                                              CASE NO. 10-CV-4052

FRED'S STORES OF TENNESSEE, INC.                                               DEFENDANT

**<u>ORDER</u>**

Before the Court is a Motion for Bill of Costs (ECF No. 87) and Amended Motion for Bill of Costs (ECF No. 88), both filed on behalf of Plaintiff.  Defendant has responded.  (ECF No. 89).  Plaintiff has filed a reply.  (ECF No. 93).  The Court finds the matter ripe for consideration.

Federal Rule of Civil Procedure 54(d) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Here, Plaintiff is the prevailing party in this lawsuit, and she moves the Court to award her costs in the amount of $7,898.45.

In opposition to Plaintiff's Motion for Bill of Costs, Defendant argues that the cost of the Litigation Resource Group is not recoverable under 28 U.S.C. § 1920.  The Court agrees.  District courts have substantial discretion in awarding costs to a prevailing party.  *Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1072, (8th Cir. 2000).  Costs that can be taxed in favor of the prevailing party include the following:  fees of the clerk and United States Marshal, deposition expenses, printing fees, witness fees, and witnesses' travel and subsistence expenses, fees to exemplify documents, and fees to print copies of papers necessary for use in the case.  28 U.S.C. § 1920.  Litigation Resource Group is described as a consulting firm offering strategic technology solutions for litigation.  Plaintiff categorizes her payment to Litigation Resource Group as a fee for the exemplification of documents.  However, even when a particular item qualifies as an

exemplification, a court must still determine whether it was necessarily obtained for use in the case. *Wheeler v. Carlton*, No. 3:06-CV-00068, 2007 WL 1020481, at *10 (E.D. Ark. April 2, 2007) (quotations omitted) (citing *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428-29 (7th Cir. 2000)). Judges may consider factors such as whether the exemplification was vital to the presentation of the information or was simply a convenience or perhaps an extravagance. *Id*. (citing *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428-29 (7th Cir. 2000)).

Here, although the use of Litigation Resource Group may have been more efficient and convenient to Plaintiff, the Court finds that the use of the Litigation Resource Group was not necessary to present the exhibits and video depositions to the jury. Thus, the Court denies Plaintiff's request for this specific requested cost.

Defendant has no objection to Plaintiff's other requested costs.[1] Accordingly, Plaintiff's Motion for Bill of Costs is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is awarded a total of $4,738.45, which consists of $350.00 for fees of the Clerk, $3,285.35 for fees for printed or electronically recorded transcripts, $734.00 in printing fees, and $369.10 in witnesses' fees and travel expenses. Plaintiff's specific request for costs associated with the Litigation Resource Group is denied.

**IT IS SO ORDERED**, this 17th day of October, 2011.

                                                             /s/ Harry F. Barnes
                                              Hon. Harry F. Barnes
                                              United States District Judge

---

[1] Defendant also objected to witness fees and travel expenses for the following witnesses: Kaci Johnson, Kyle Atkins, Dr. Keith Mitchell, Dr. Mark Wren, Dr. Ralph Scott, and Mike Atkins. However, Plaintiff's Amended Bill of Costs (ECF No. 88) does not include any fees or travel expenses for these six witnesses.